Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission adopts with minor modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At the time of the alleged injury sustained by plaintiff on 20 December 1998, the employer-employee relationship existed between plaintiff and defendant-employer.
3. On 20 December 1998, the Travelers Insurance Company was the carrier on the risk.
4. Plaintiff received $1,800.00 in short-term disability benefits as a result of his 13 September 1999 hernia repair and, if found to be compensable, defendants are entitled to a credit if the payments were paid pursuant to a wholly funded disability plan. Plaintiff remained temporarily totally disabled from 13 September 1999 through 6 December 1999.
5. Plaintiff's average weekly wage is as set forth on the Form 22 Wage Chart.
6. At the time of the alleged injury by accident on 21 February 2000, an employer-employee relationship existed between plaintiff and defendant-employer.
7. On 21 February 2000, Travelers Insurance Company was the carrier on the risk.
8. Plaintiff received $1,000.00 in short term disability benefits as a result of his 27 April 2000 surgery for recurrent ventral herniorrhaphy and, if found to be compensable, defendants are entitled to a credit if the payments were paid pursuant to a wholly funded disability plan. Plaintiff was temporarily totally disabled from 27 April 2000 to 22 June 2000.
9. The parties, as a stipulated exhibit, introduced the medical records of Southeastern Regional Medical Center, Dr. D.E. Ward and Dr. Samuel Britt.
 ***********
Based upon the credible evidence of record, the Full Commission makes the following:
 FINDINGS OF FACTS
1. On 20 December 1998, and 21 February 2000, plaintiff was employed as a grocery selector by defendant-employer. In his employment, plaintiff was constantly involved in lifting and carrying.
2. On 20 December 1998, plaintiff was lifting a box of Clorox containers when the bottom of the box broke. At that time, plaintiff felt pain in his groin area and pain down his left leg. Plaintiff reported the incident to defendant-employer, but no incident report was generated and no medical treatment was sought. Plaintiff did not experience any swelling or a knot in the groin area. Plaintiff did not think he had a hernia at that time. Plaintiff continued working in his normal employment position with defendant-employer.
3. Plaintiff first sought medical attention for the pain in his stomach/groin area in July 1999. During plaintiff's 26 July 1999 visit to the Emergency Room at Southeastern Regional Medical Center, plaintiff gave a history of having an onset of pain with a lump in his groin from the previous Friday. The diagnosis at the Emergency Room was that plaintiff did not have a hernia. Plaintiff was subsequently seen by Dr. D.E. Ward, Jr., a surgeon who diagnosed a hernia in September 1999 for which a hernia repair was performed on 13 September 1999. Plaintiff returned to work on 7 December 1999.
4. On 21 February 2000, plaintiff was bending over to set a box down when he felt a sharp pain in the left side of his groin. Plaintiff reported the incident, but lost no time from work. Plaintiff was seen at the Emergency Room on 21 February 2000, and was diagnosed with a groin strain. Plaintiff was seen by Dr. Samuel Britt in March 2000 and was diagnosed with recurrent ventral hernia. The initial evaluation was for swelling at the umbilicus. Dr. Britt admitted plaintiff for a recurrent ventral herniorrhaphy on 27 April 2000. Plaintiff returned to work on 23 June 2000.
5. While plaintiff's job duties require constant heavy lifting, the descriptions by plaintiff of the incidents on 20 December 1998 and 21 February 2000, fail to adequately describe those elements as set forth in N.C. Gen. Stat. § 97-2(18) for a hernia to be compensable. In neither event did the hernia appear suddenly. In neither event did the hernia immediately follow an accident or a specific traumatic incident. As to the second event, the greater weight of the medical evidence shows that the hernia existed prior to the 21 February 2000 incident date.
 ***********
Based upon the foregoing stipulations and findings of facts, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 97-2(18) requires that in order for a hernia to be compensable as an injury by accident arising out of and in the course of employment, in must be definitely proven that (1) there was an injury resulting in a hernia or rupture; (2) that the hernia or rupture appeared suddenly; (3) that the hernia or rupture immediately followed an accident; and (4) that the hernia or rupture did not exist prior to the accident for which compensation is claimed. As to both of the instant claims, plaintiff has failed to prove by the greater weight of his own evidence or the medical evidence, that the hernias he sustained constitute compensable injuries. Accordingly, plaintiff is not eligible for indemnity compensation under the Act. N.C. Gen. Stat. § 97-2(6).
2. Since plaintiff did not carry his burden of proof, his claim for compensation and medical benefits arising out of his claim for injuries occurring on 20 December 1998, and 21 February 2000, must be denied. N.C. Gen. Stat. § 97-2(6).
 ***********
The foregoing Findings of Fact and Conclusions of Law result in the following:
 AWARD
1. Plaintiff's claims for benefits arising out of the injuries occurring on 20 December 1998, and 21 February 2000, are hereby denied.
2. Each party shall pay its own costs.
This the ___ day of December, 2001.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/______________ DIANNE C. SELLERS COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER